## Suretyship of Banks and Trust Companies.

SAYLOR, Dep. Att'y-Gen., July 1, 1930.—We have your request for an opinion on the right of a trust company to act as surety on a tax collector's bond.

The matter of trust companies and banks acting as sureties on bonds in general was discussed in the opinion of this department to your department of Sept. 26, 1924 (Banks and Trust Companies as Sureties, 5 D. & C. 372), in which the Act of May 16, 1923, P. L. 248, was construed. While the specific matter covered by that opinion was the question whether a bank could act as surety on bonds of contractors for the faithful performance of their contracts, the general conclusion was reached that trust companies and banks could not become sureties on bonds, except as provided in section 2 of the Act of 1923. This section reads as follows:

"No bank shall become surety on any bonds, except that any bank, which has qualified itself under the laws of this Commonwealth to engage in a fiduciary business, may become sole surety in any case where, by law, one or more sureties are or may be required for the faithful performance of the duties of . any assignee, receiver, guardian, committee, executor, administrator, trustee,

or other fiduciary, and may also become sole surety on any writ of error or appeal, or in any proceeding instituted in any court of this Commonwealth in which security is or may be required: Provided, That nothing in this act shall be construed to dispense with the approval of any court or officer now or hereafter required by law to approve such security."

Section 1 of this act states that the word "bank," as used in the act, means "any state bank, incorporated banking company, trust company, savings bank, or unincorporated bank, heretofore or hereafter organized."

The question arises whether the words "other fiduciary" in section 2 include a tax collector. The right of a "bank" to act as surety for fiduciaries would appear to be limited by the Act of 1923 to those cases involving what are called technical trusts, such as are executed by a bank or trust company "which has qualified itself under the laws of this Commonwealth to engage in a fiduciary business."

Section 1, clause 1, of the Act of May 9, 1889, P. L. 159, which gives title companies of the Commonwealth various powers and rights—by assuming which, upon compliance with certain requisites as prescribed by the act, such companies become trust companies in the general sense of the word—includes the following:

"To act as assignees, receivers, guardians, executors, administrators, and to execute trusts of every description not inconsistent with the laws of this State or of the United States."

Trust companies exercising such powers come within the jurisdiction of the various Orphans' Courts of the Commonwealth and are subject to the provisions of the Act of June 7, 1917, P. L. 447, known as the Fiduciaries Act of 1917. Section 1 defines "fiduciary," as used in the act, as including "executors, administrators, guardians and trustees, whether domiciliary or ancillary, subject to the jurisdiction of the orphans' court of any county of this Commonwealth."

It would, accordingly, appear that a fiduciary, within the meaning of the Act of 1923, is the type of individual or institution known in common parlance and defined in the Century Dictionary and Encyclopædia as "one who holds a thing in trust; a trustee."

To give the term, as used in the Act of 1923, a wider meaning would result in an expansion of the field far beyond any reasonable limits. To be sure, there are persons and institutions which may be and are at times considered to be fiduciaries, in that they hold funds not their own for another. Many individuals in private and public capacity at some time in the course of the performance of their duties are fiduciaries in the broadest sense. A street car conductor holding fares, a theatre box office attendant receiving payment for tickets sold, a milk wagon driver collecting cash on his rounds from customer to customer; all of these individuals are fiduciaries as long as they hold what is not theirs for delivery at the proper time to their employers, the true owners. The world, however, knows them, not as "fiduciaries," but as conductors, box office agents and milk wagon drivers, which is their true and primary capacity. And so a tax collector is primarily a collector of taxes and only secondarily a fiduciary.

Merely because a person in temporarily holding funds he has collected for another may be in a broad sense a fiduciary is no justification for a trust company to become surety for him. That might involve liability for the faithful performance of his office above and beyond his duties as a holder of funds. Were a trust company surety for a tax collector, it would be liable for his

acts as a public officer while engaged in collecting taxes before he became a "fiduciary" even in the broadest use of that term. It cannot be seriously considered that the legislature, in passing the Act of 1923, had any intention of giving a bank such power.

It is, therefore, our conclusion that the words "other fiduciary," as used in the Act of May 16, 1923, do not include a tax collector. In so deciding, we refer you to a previous interpretation of this act with reference to notaries public and county officers, as set forth in the opinion of this department to the Secretary of the Commonwealth dated Oct. 31, 1923 (Banks as Sureties, 4 D. & C. 423). Therein it is stated that the Act of 1923 limits the authority of trust and banking companies to serving as sureties for those generally classed as fiduciaries and on bonds on appeal and for court where security is required. The opinion further states that what constitutes a fiduciary relationship is often the subject of controversy, but it seems generally to be limited to technical trustees, and, therefore, does not include notaries public or county officers, both of which are classified as public officers and not as fiduciaries, at least if the word is used as applying to technical trustees. The same conclusion must be reached with reference to tax collectors, who are unquestionably public officers.

You are advised that a tax collector is not a fiduciary and cannot be so considered in the sense in which that word is used in the Act of May 16, 1923, and that, therefore, a trust company does not have the right to act as surety on his bond.

From C. P. Addams, Harrisburg, Pa.